SLIP OPINION

Cite as 2015 Ark. 56

# SUPREME COURT OF ARKANSAS

No. CR-14-1008

| | | | |
|---|---|---|---|
| IVORY PURIFOY | | **Opinion Delivered** February 19, 2015 | |
| | PETITIONER | | |
| V. | | PRO SE PETITION FOR WRIT OF MANDAMUS [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-96-871, 60CR-96-1346] | |
| HON. WENDELL LEE GRIFFEN, JUDGE | | | |
| | RESPONDENT | | |
| | | <u>AMENDED RESPONSE REQUESTED</u>. | |

**PER CURIAM**

Petitioner Ivory Purifoy, an inmate incarcerated in the Arkansas Department of Correction (ADC), filed a pro se petition for declaratory judgment in two criminal cases, 60CR-96-871 and 60CR-96-1346, in the Pulaski County Circuit Court on June 27, 2014. The petition sought relief concerning the ADC's calculation of petitioner's parole eligibility for his criminal convictions in the two cases. On November 25, 2014, petitioner filed a petition for writ of mandamus in this court alleging that Honorable Wendell Lee Griffen, the circuit judge assigned to the matter, had failed to timely dispose of the petition for declaratory judgment. The petition seeking the writ requested that this court direct the judge to issue a ruling on the petition for declaratory judgment.

Judge Griffen filed a response to the petition for the writ in which he avers that the matter has been disposed of through a written order entered on December 3, 2014. In support of that proposition, Judge Griffen attached a copy of the December 3, 2014 order. We note,

however, that the order appears to address only one of the two criminal cases, 60CR-96-1346.[1]

Because it is not clear whether the order attached to the response was intended to also dispose of the matter in regard to 60CR-96-871, we request Judge Griffen to file an amended response within ten days of this order addressing whether the December 3, 2014 order was intended to encompass 60CR-96-871.

Amended response requested.

*Ivory Purifoy*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for respondent.

---

[1]The notation on the order is that it is entered in 60CV-96-1346. While the civil designation appears to be a simple typographical error and the petition for declaratory judgment is referenced, there is no reference to 60CR-96-871.