SLIP OPINION

Cite as 2015 Ark. 171

# SUPREME COURT OF ARKANSAS

No. CR-14-1008

| | |
|---|---|
| IVORY PURIFOY<br>PETITIONER<br><br>V.<br><br><br>HON. WENDELL LEE GRIFFEN,<br>JUDGE<br>RESPONDENT | Opinion Delivered April 16, 2015<br><br>PRO SE PETITION FOR WRIT OF<br>MANDAMUS<br>[PULASKI COUNTY CIRCUIT COURT,<br>NOS. 60CR-96-871, 60CR-96-1346]<br><br><br>PETITION DENIED IN PART AND<br>MOOT IN PART. |

**PER CURIAM**

This court requested an amended response from the respondent in this matter, the Honorable Wendell Lee Griffen. Petitioner Ivory Purifoy filed a petition for writ of mandamus in this court alleging that Judge Griffen had failed to act in a timely manner on a pro se petition for declaratory judgment that petitioner had filed in the Pulaski County Circuit Court on June 27, 2014, in two criminal cases, 60CR-96-871 and 60CR-96-1346. The declaratory-judgment petition sought relief concerning the calculation by the Arkansas Department of Correction (ADC) of petitioner's parole eligibility for his criminal convictions in the two cases, and the mandamus petition requested that this court direct the judge to issue a ruling on the petition for declaratory judgment. Having now received an amended response and a second amended response, we now hold that the mandamus petition is denied in part and moot in part.

Judge Griffen filed an initial response to the petition for the writ in which he averred that the matter had been disposed of through a written order entered on December 3, 2014. Because

SLIP OPINION

the order appeared to address only one of the two criminal cases, 60CR-96-1346, this court requested that Judge Griffen file an amended response addressing whether the December 3, 2014 order was intended to encompass 60CR-96-871. *Purifoy v. Griffen*, 2015 Ark. 56 (per curiam).

Judge Griffen filed an amended response and a second amended response. Although the first amended response averred that there had been an order entered disposing of the declaratory-judgment petition in 60CR-96-871, a copy of the order that was attached to the response had not been file-marked. In the second amended response, Judge Griffen indicates that no order was entered in 60CR-96-871 because that case was determined to have been assigned to a different judge.

It is the responsibility of the petitioner to name the correct respondent in a mandamus action. *Standridge v. Putman*, 2014 Ark. 208 (per curiam). To the extent that petitioner's mandamus petition requests any action regarding the declaratory-judgment petition filed in 60CR-96-871, his petition is therefore denied because the case is not assigned to the respondent. To the extent that petitioner sought a ruling on the declaratory-judgment petition as to 60CR-96-1346, the mandamus petition is moot.

Petition denied in part and moot in part.

*Ivory Purifoy*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for respondent.